IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>v.<br><br>CAPITAL ACROSS AMERICA, L.P.<br><br>        Defendant. | )<br>)<br>)<br>)<br>)  Civil Case No. 3:06cv3316-WKW<br>)<br>)<br>)<br>)<br>) |

COMPLAINT FOR RECEIVERSHIP
AND PERMANENT INJUNCTIVE RELIEF
UNDER 15 U.S.C. § 687c

COMES NOW Plaintiff, United States of America, on behalf of its agency, the U.S. Small Business Administration, and for its cause of action states as follows:

**PARTIES, JURISDICTION AND VENUE**

1.  This is a civil action brought under 15 U.S.C. § 687c by the United States of America on behalf of its agency, the U.S. Small Business Administration (hereinafter, "SBA"), whose central office is located at 409 Third Street, S.W., Washington, D.C., 20416.

2.  Jurisdiction is conferred on this Court by virtue of the Small Business Investment Act of 1958, as amended (hereinafter, the "Act"), Sections 308(d), 311 and 316, 15 U.S.C. §§ 687(d), 687c and 687h; and 28 U.S.C. § 1345.

1

3.  Defendant, Capital Across America, L.P. ("CAA"), is a Delaware limited partnership pursuant to an agreement of limited partnership dated February 18, 1997.

4.  CAA maintains its principal office and/or principal place of business at 501 Union Street, Suite 201, Nashville, Tennessee 37219. Venue is therefore proper under 15 U.S.C. §§ 687(d), 687h and 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

5.  CAA was licensed by SBA as a small business investment company ("SBIC" or "Licensee") on June 17, 1998, SBA License No. 04/04-0273, under Section 301(c) of the Act, 15 U.S.C. § 681(c), solely to do business under the provisions of the Act and the regulations promulgated thereunder.

6.  The general partner of CAA is Capital Across America, Inc., a Delaware corporation with the same office address as CAA.

7.  SBICs are intended to advance the interests of small businesses by providing financial assistance to small concerns. 15 U.S.C. § 661.

8.  The Articles of Limited Partnership of CAA submitted to, and approved by, SBA expressly provide that CAA was organized solely for the purpose of operating under the Act and subject to regulations issued by SBA thereunder.

2

9. Section 308(c) of the Act, 15 U.S.C. § 687(c), empowers SBA to prescribe regulations to carry out the provisions of the Act and to govern the operations of SBICs. SBA has duly promulgated such regulations, which are codified at Title 13 of the Code of Federal Regulations, Part 107 (the "Regulations").

10. Section 308(d) of the Act, 15 U.S.C. § 687(d), provides that upon determination and adjudication of noncompliance or violation of the Act or the Regulations, all of the rights, privileges and franchises of a Licensee may be forfeited and the company may be declared dissolved.

11. Section 311 of the Act, 15 U.S.C. § 687c, provides that, whenever in the judgment of SBA, a Licensee, or any other person, has engaged in or is about to engage in any acts or practices which constitute or will constitute a violation of the Act or of any Rule or Regulation promulgated pursuant to the Act, or of any order issued under the Act, then SBA may make application for an injunction, and such Court shall have jurisdiction of such action and shall grant permanent or temporary injunction, or other relief without bond, upon a showing that such Licensee has engaged in or is about to engage in any such acts or practices. The Court may also appoint SBA to act as receiver for such Licensee.

12. In accordance with Sections 303(a) and 303(b) of the Act, 15 U.S.C. §683(a) and (b), SBA provided financing to CAA in the principal sum of $ 14,725,140. (Fourteen Million Seven Hundred and Twenty-Five Thousand One Hundred and Fourty Dollars)

with a face amount of Fifteen Million One Hundred Thousand Dollars through the purchase or guarantee of the following debentures (hereinafter, the "Debentures"):

| Loan Number | Issued Amount | Interest Rate | Issue Date |
|---|---|---|---|
| 04655951-02 | $500,000 | 7.240% | 02/25/1999 |
| 04655952-00 | 500,000 | 8.220% | 04/01/1999 |
| 04655953-09 | 500,000 | 8.220% | 04/01/1999 |
| 04655954-07 | 500,000 | 8.220% | 06/22/1999 |
| 04655955-05 | 500,000 | 8.220% | 06/22/1999 |
| 04655956-03 | 500,000 | 8.220% | 08/26/1999 |
| 04655957-01 | 250,000 | 8.220% | 08/26/1999 |
| 04655958-10 | 500,000 | 8.640% | 11/05/1999 |
| 04655959-08 | 200,000 | 8.640% | 02/01/2000 |
| 04655960-00 | 50,000 | 8.452% | 04/19/2000 |
| 04657651-05 | 500,000 | 8.640% | 02/01/2000 |
| 04657652-03 | 500,000 | 8.640% | 03/13/2000 |
| 04657653-01 | 500,000 | 8.452% | 04/19/2000 |
| 04657654-10 | 150,000 | 8.452% | 04/19/2000 |
| 04657655-08 | 250,000 | 8.452% | 06/21/2000 |
| 04657656-06 | 500,000 | 8.452% | 07/20/2000 |
| 04657657-04 | 300,000 | 8.452% | 07/28/2000 |
| 04659951-04 | 200,000 | 8.452% | 07/28/2000 |
| 04659952-02 | 500,000 | 8.452% | 08/18/2000 |
| 04659953-00 | 500,000 | 7.353% | 09/28/2000 |
| 04659954-09 | 500,000 | 7.353% | 10/11/2000 |
| 04659955-07 | 1,000,000 | 7.353% | 12/06/2000 |
| 04659956-05 | 200,000 | 7.353% | 12/06/2000 |
| 04661751-07 | 300,000 | 7.353% | 12/07/2000 |

| | | | | |
|---|---|---|---|---|
| 04661752-05 | | 500,000 | 7.353% | 01/30/2001 |
| 04661753-03 | | 500,000 | 7.353% | 01/30/2001 |
| 04661754-01 | | 500,000 | 7.353% | 01/30/2001 |
| 04661755-10 | | 500,000 | 7.353% | 01/30/2001 |
| 04661756-08 | | 200,000 | 6.886% | 08/08/2001 |
| 04661757-06 | | 500,000 | 6.886% | 0808/2001 |
| 04663651-05 | (1) | 211,834 | 6.154% | 01/11/2002 |
| 04663652-03 | (2) | 356,653 | 5.979% | 01/16/2002 |
| 04663653-01 | (3) | 356,653 | 5.979% | 01/16/2002 |
| 04663654-10 | | 500,000 | 5.670% | 06/18/2002 |
| 04663655-08 | | 250,000 | 5.628% | 01/22/2003 |
| 04663656-06 | | 250,000 | 5.628% | 01/22/2003 |
| 04663657-04 | | 200,000 | 5.628% | 01/22/2003 |

**Total Principal Provided**     $ 14,725,140

| LMI Debentures: | | | Discount between face & issue amount |
|---|---|---|---|
| 04663651-05 | (1) | 88,166 | $300,000 – 211,834 |
| 04663652-03 | (2) | 143,347 | $500,000 – 356,653 |
| 04663653-01 | (3) | 143,347 | $500,000 – 356,653 |
| **Total Face amount** | | **$ 15,100,000** | |

The "interest rate" for the Debentures includes SBA' annual fee.

13.   The Debentures are expressly subject to and incorporated by reference the Regulations, including but not limited to the provisions of 13 C.F.R. § 107.1810 and 107.1820 through 1850. Section 107.1810(g)(1) provides that the entire indebtedness of

an SBIC to SBA may be declared by SBA to be immediately due and payable upon the happening of certain events of default identified in 13 C.F.R. § 107.1810(f), including without limitation capital impairment and failure to pay SBA.

14. Based upon information and documents provided by CAA to SBA under CAA's reporting obligations under the Regulations, SBA determined that CAA was in violation of the Regulations by having a condition of Capital Impairment as determined under 13 C.F.R. § 107.1830.

15. By certified mail and facsimile transmission dated February 10, 2005 (the "Notice of Violation"), SBA notified CAA in accordance with 13 C.F.R. §§ 107.1810(f)(5) and (g)(1) that: (a) CAA was in violation of the Act and applicable regulations due to capital impairment; and (b) SBA had accelerated the indebtedness owed by CAA to SBA.

16. SBA provided CAA an opportunity to cure its violation of the regulations within the time period provided in the Regulations, 13 C.F.R. § 107.1810(g).

17. CAA failed to cure its violation of the Regulations due to capital impairment to the satisfaction of SBA as required by the Regulations under 13 C.F.R. § 107.1810(g).

18. CAA's failure to pay SBA all amounts due constitutes a further violation of the Regulations under 13 C.F.R. § 107.1810(f)(3).

19. Due to CAA's failure to cure its violation of the Regulations, SBA is authorized under 13 C.F.R. § 107.1810(g)(2) and 15 U.S.C. § 687c to institute these proceedings for the appointment of SBA as CAA's receiver.

20. On August 11, 2005, CAA remitted $2,000,000.00 to SBA, of which $1,066,525.70 was applied to the outstanding interest on all 37 debentures as of that date. After all interest outstanding on the non-LMI debentures was paid in full as of August 11, 2005, the remaining balance of $933,474.30 was applied to payoff the principal of $500,000 on loan number 04655958-10, $200,000 and on loan number 04655959-08 and a partial payoff of $233,474.30 on loan number 04657651-05. Accordingly, the total amount immediately due and owing to SBA from CAA as of December 31, 2005 is $ 14,389,022.02, plus per diem interest (which includes SBA's annual fees) accruing at the rate of $ 2,871.36 subsequent to that date.

## COUNT ONE

### CAA'S CAPITAL IMPAIRMENT IS A VIOLATION OF APPLICABLE SBA REGULATIONS AND THE ACT

21. Paragraphs 1 through 20, above, are hereby incorporated by reference as though set forth in their entirety herein.

22. SBA has determined that CAA is capitally impaired and thereby in violation of the Regulations, 13 C.F.R. §§ 107.1810(f)(5), 1810(g) and 1830.

7

23.     CAA's violation of the Regulations for capital impairment entitles SBA to relief pursuant to 15 U.S.C. § 687c, including injunctive relief and appointment of SBA as Receiver of CAA.

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays as follows:

A.      That injunctive relief, both preliminary and permanent in nature, be granted restraining CAA, its officers, agents, employees and other persons acting in concert or participation therewith from: (1) making any disbursements of Defendant's funds; (2) without the prior written consent of the receiver, using, investing, conveying, disposing, executing or encumbering in any fashion any or all funds or assets of Defendant, wherever located; or (3) violating the Act or the Regulations promulgated thereunder.

B.      That this Court determine and adjudicate CAA's default and noncompliance with the Debentures and noncompliance and violation of the Act and the Regulations promulgated thereunder.

C.      That pursuant to 15 U.S.C. § 687c, this Court take exclusive jurisdiction of CAA, and all of its assets, wherever located, appoint SBA as permanent receiver of CAA for the purpose of liquidating all of Defendant's assets and satisfying the claims of creditors therefrom in the order of priority as determined by this Court, and pursuing causes of action available to CAA, as appropriate.